KATJA LOEFFELHOLZ (SBN 224407)
kl@dpf-law.com
JOY L. DURAND (SBN 245413)
jdurand@dpf-law.com
DICKENSON, PEATMAN & FOGARTY
1500 First Street, Suite 200
Napa, California 94559
Telephone: (707) 261-7000
Facsimile: (707) 340- 7239

*Attorneys for Plaintiff*
*Domaine Carneros, Ltd.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMAINE CARNEROS, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> LEA TRADING LLC and BEVIBIRRA INC, <br><br> Defendants. | **Case No.** _____ <br><br> **COMPLAINT** <br><br> **1. Federal Trademark Infringement** <br> **2. Federal Unfair Competition and False Designation Of Origin** <br> **3. Unfair Competition Under Cal. Bus. & Prof. Code §17200** <br> **4. Common Law Trademark Infringement** <br> **5. Common Law Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Domaine Carneros, Ltd. ("Plaintiff"), for its Complaint against Defendants Lea Trading LLC ("Defendant Lea") and BeviBirra, Inc ("Defendant BeviBirra") (collectively, "Defendants"), alleges, upon personal knowledge with respect to itself and its acts, and upon information and belief as to all other matters, as follows:

COMPLAINT 1 CASE NO.

**NATURE OF ACTION**

1. This action arises from Defendants' infringement of Plaintiff's trademark rights by using a trademark for sparkling wine that is confusingly similar to Plaintiff's highly acclaimed LE RÊVE® trademark. Under these circumstances, consumer confusion is inevitable. This Complaint asserts causes of action under the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition and false designation of origin (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200) and common law trademark infringement and unfair competition, as a result of the unauthorized use by Defendants of colorable imitations of Plaintiff's LE RÊVE® trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendants' infringement of Plaintiff's LE RÊVE® trademark, monetary damages, attorneys' fees, and related relief.

**THE PARTIES**

2. Plaintiff is a corporation organized under the laws of the state of Delaware with its principal place of business at 1240 Duhig Road, Napa, California 94558. Plaintiff is the owner of the LE RÊVE® trademark.

3. Upon information and belief, Defendant Lea is a limited liability company organized under the laws of the state of Florida with its principal place of business at 10800 NW 21st Street, Miami, Florida 33172. Defendant Lea produces and sells sparkling wine featuring the trademark VIE DE RÊVE.

4. Upon information and belief, Defendant BeviBirra is a corporation organized under the laws of the states of Florida with its principal place of business at 158 N.E. 33 Street, Oakland Park, Florida 33334. Upon information and belief, Defendant BeviBirra imports and distributes sparkling wine featuring the trademark VIE DE RÊVE.

5. Upon information and belief, at all times herein mentioned, each of the Defendants was the agent of each of the other Defendants, and in doing the things hereinafter alleges, was acting within the course and scope of such agency and with the permission and consent of his, her or its Co-Defendants.

///

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over Plaintiff's claims under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

7. Defendants, either directly or through their agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendants are doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT**

9. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

**ALLEGATIONS COMMON TO ALL CLAIMS**

10. Plaintiff was established in 1987 by Claude Taittinger ("Taittinger") of the renowned French Taittinger Champagne House. Taittinger believed that he could produce some of the best wines of the century from the unique Carneros terroir in the heart of Napa Valley. Taittinger chose Eileen Crane, often referred to as America's doyenne of sparkling wine, to develop and oversee the production of sparkling wine using the same method as done in Champagne, France.

11. Plaintiff is best known as a grower-producer of méthode traditionelle ("traditional method") sparkling wines, estate vineyards and its breathtakingly beautiful Château which is recognized as a regional landmark. While méthode traditionelle is the most time consuming and costly way to produce sparkling wine, it is the only method used by Plaintiff to produce its top-quality sparkling wines. This technique is unique in that the wine undergoes a second fermentation in the bottle. Plaintiff's vintage-dated sparkling wines are aged in the bottle for at least three years,

1  while Plaintiff's esteemed LE RÊVE® Blanc de Blancs is aged a minimum of six years prior to
2  release.
3  Plaintiff's LE RÊVE® sparkling wine is produced from Plaintiff's best fruit and crafted to be the
4  highest expression of Plaintiff's sparkling wine portfolio.  Plaintiff has dedicated substantial efforts
5  and resources to developing and producing its renowned LE RÊVE® sparkling wine.  As a result of
6  its efforts and acclaimed wine making, Plaintiff's sparkling wines are widely considered by
7  consumers and industry experts to be among the finest in the United States. In fact, Plaintiff's LE
8  RÊVE® sparkling wine was served in 1995 and again in 1999 at White House State Dinners.
9         12.    Plaintiff's LE RÊVE® trademark appears on its labels in an all-caps serif typeface
10 with a circumflex accent placed over the first letter "E" in the term REVE as depicted below:



17 The labels for Plaintiff's LE RÊVE® sparkling wines also feature an image of Plaintiff's iconic
18 French-inspired Château and a black and gold color scheme.
19         13.    Since as early as April of 1998, Plaintiff has used the inherently distinctive trademark
20 LE RÊVE® to market and sell sparkling wine throughout the United States.  Plaintiff has expended
21 substantial time, money, effort, and resources to the development and promotion of the LE RÊVE®
22 trademark and the sparkling wine offered in connection with the LE RÊVE® brand.  As a result of
23 Plaintiff's efforts and the superior quality of the sparkling wine offered under the LE RÊVE®
24 trademark, the public has come to recognize and rely upon the LE RÊVE® trademark as an
25 indication of high-quality sparkling wine and the LE RÊVE® trademark enjoys substantial goodwill
26 in the marketplace and is a valuable asset of Plaintiff.
27         14.    Plaintiff is the owner of the trademark LE RÊVE® for sparkling wines as well as the
28 owner of incontestable U.S. Trademark Registration No. 2,255,988 for LE REVE for wines and

sparkling wines in International Class 33, issued on June 22, 1999 with constructive rights dating back to July 31, 1997 (the "LE RÊVE® Registration"). As indicated in the LE RÊVE® Registration, the term LE REVE translates into English as THE DREAM. Plaintiff has used the LE RÊVE® mark on and in association with sparkling wine since as early as April 1998, long prior to the acts of Defendants complained of herein.

15. The LE RÊVE® Registration is incontestable and in full force and effect on the United States Patent and Trademark Office's Principal Register and gives rise to presumptions in favor of Plaintiff with respect to validity, ownership, and exclusive rights to use the LE RÊVE® mark for wines and sparkling wines throughout the United States.

16. LE RÊVE® sparkling wines are enormously popular and have received numerous accolades and awards over the years. For example, LE RÊVE® sparkling wines have earned gold, double gold, best of class and best of show honors at many prestigious wine competitions including the San Francisco International Wine Competition, the American Fine Wine Competition, the Critics Challenge International Wine Competition, the San Diego International Wine Competition, the Winemaker Challenge and the Texas Sommelier Conference.

17. Plaintiff's LE RÊVE® sparkling wines have also received widespread attention from third party wine critics and media. Since 2012, alone, LE RÊVE® wines have received over forty-five scores of 90 points or above from leading wine publications including *Wine Enthusiast* and *Wine Spectator* magazines and highly regarding wine critics including James Suckling and Owen Bargreen.

18. As a result of Plaintiff's widespread use of the LE RÊVE® mark in the United States, extensive advertising and promotion of the sparkling wines sold in connection with the LE RÊVE® trademark, and the brand's continuous and unsolicited media coverage, the LE RÊVE® trademark enjoys a high degree of consumer recognition and has become a well-known mark.

19. Upon information and belief, Defendant Lea does business under the trade name VIE DE RÊVE and uses the mark VIE DE RÊVE in connection with the importation and sale of sparkling wine.

20. Upon information and belief, Defendant BeviBirra imports and distributes wine

1  sourced from Italy under the trade name Wine Lovers Distributor.

2  21.  Upon information and belief, the VIE DE RÊVE sparkling wine is distributed by Defendant BeviBirra within this judicial district as the back label of the VIE DE RÊVE sparkling wine states "Imported By: Wine Lovers Distributor".

22.  On January 30, 2023, well after Plaintiff established its rights in the LE RÊVE® mark, Defendant Lea filed U.S. Trademark Application Serial No. 97/772,655 for the mark VIE DE RÊVE for wine in International Class 33 ("VIE DE RÊVE Application").  Defendant Lea's VIE DE RÊVE Application was filed based upon Defendant Lea's intent to use the mark in commerce, not actual use of the mark at the time of filing, and states that the English translation of VIE DE RÊVE is DREAM LIFE.

23.  On March 9, 2023, Plaintiff's counsel sent a demand letter to Defendant Lea requesting that it not use the VIE DE RÊVE mark on the basis that it infringed Plaintiff's incontestable LE RÊVE® mark.  Defendant Lea did not respond to Plaintiff's letter.

24.  On March 30, 2023, Plaintiff's counsel sent another letter to Defendant Lea reiterating its concern about Defendant Lea's use of the VIE DE RÊVE mark and requesting a response.

25.  On July 13, 2023, Plaintiff's counsel followed up with Defendant Lea by email to see if Defendant Lea intended to respond to Plaintiff's March 9, 2023 demand letter.

26.  On September 6, 2023, counsel for Defendant Lea, Kaustubh Nadkarni at Nadkarni Law, responded to Plaintiff's counsel stating that Defendant Lea would not cease use of the VIE DE RÊVE mark nor would it abandon the VIE DE RÊVE Application.

27.  On September 7, 2023, Plaintiff's counsel responded to Defendant Lea's counsel by email and reiterated Plaintiff's request that Defendant Lea withdraw the VIE DE RÊVE Application and agree not to use the VIE DE RÊVE mark.  Defendant Lea's counsel did not respond to Plaintiff's counsel's email.

28.  On September 14, 2023, Plaintiff's counsel sent another email to Defendant Lea's counsel requesting a response to Plaintiff's request that Defendant Lea withdraw the VIE DE RÊVE Application and agree not to use the VIE DE RÊVE mark.

29. On October 11, 2023, Defendant Lea's counsel responded to Plaintiff's counsel by rejecting Plaintiff's request that Defendant Lea withdraw its trademark application and not to use the VIE DE RÊVE mark and stating that Defendant Lea would continue to use the VIE DE RÊVE mark for wines.

30. Defendants' VIE DE RÊVE mark is depicted on their labels in an all-caps serif typeface with a circumflex accent placed over the first letter "E" in the term REVE. The labels for Defendants' VIE DE RÊVE sparkling wine also feature an image of a château and a black and gold color scheme as depicted below:



31. On March 14, 2024, Plaintiff learned that a Certificate of Label Approval ("COLA") was issued by the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") to Defendant BeviBirra for a sparkling wine featuring the VIE DE RÊVE mark (COLA TTB ID No. 23142001001074). The issuance of a COLA by the TTB is a legal prerequisite for the release of a wine into U.S. commerce. The label proof submitted in connection with the COLA application indicates that Defendant BeviBirra uses the trade name Wine Lovers Distributor on the label and, upon information and belief, Defendant BeviBirra obtained this COLA at the direction of Defendant Lea.

32. Upon information and belief, and as evidenced by the statement of Defendant Lea's counsel that it would continue to use the VIE DE RÊVE mark for wines, Defendants have used the VIE DE RÊVE mark in commerce, including in this judicial district.

33. Defendants' adoption and/or use of the VIE DE RÊVE mark in commerce is subsequent to Plaintiff's adoption, use and registration of its LE RÊVE® mark.

34. Defendants' VIE DE RÊVE mark is highly similar to Plaintiff's LE RÊVE® mark.

Given that Defendants are using the VIE DE RÊVE mark on goods identical to Plaintiff's goods, namely sparkling wine, Defendants' infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' sparkling wine and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' sparkling wine originates from, is associated or affiliated with, or otherwise authorized by Plaintiff.

35. Defendants' infringing use of the VIE DE RÊVE mark will unjustly increase the profitability of Defendants' VIE DE RÊVE sparkling wine to the detriment of Plaintiff and at no cost to Defendants.

36. Plaintiff will be further harmed as consumers will purchase Defendants' VIE DE RÊVE sparkling wine believing it to be affiliated with, associated with, connected to, or sponsored by Plaintiff, and thereby forego purchase of Plaintiff's sparkling wine under the LE RÊVE® mark, resulting in loss of sales to Plaintiff from Defendants' unfair competition.

37. Defendants' infringing use of the confusingly similar VIE DE RÊVE mark will financially harm Plaintiff by diminishing the value of Plaintiff's LE RÊVE® mark.

38. Defendants' use of the VIE DE RÊVE mark will endanger the ability of Plaintiff's LE RÊVE® mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

39. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's LE RÊVE® mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff to the Defendants.

40. Unless restrained by this Court, Defendants will unfairly compete with Plaintiff by using the VIE DE RÊVE mark, and Plaintiff is without adequate remedy at law.

41. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendants' conduct further entitles Plaintiff to punitive damages.

42. Despite Plaintiff's attempts to resolve this dispute amicably, Defendants have persisted in using the infringing VIE DE RÊVE mark, leaving Plaintiff no choice but to file this Complaint.



## FIRST CAUSE OF ACTION

(Federal Trademark Infringement under 15 U.S.C. §1114)

43. Defendants' actions as described above and Defendants' use of the VIE DE RÊVE mark in commerce constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

44. Defendants' adoption and use of a mark identical to and/or confusingly similar to Plaintiff's LE RÊVE® mark will cause irreparable injury to the value and goodwill of the LE RÊVE® mark, as well as to Plaintiff's business, goodwill, and reputation. Defendants' actions, if not enjoined, will continue. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

45. As a result of Defendants' infringement, Plaintiff has incurred damages in an amount to be proven at trial.

46. Defendants' actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights. Plaintiff is therefore entitled to recover three times the amount of its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

## SECOND CAUSE OF ACTION

(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. §1125)

47. Defendants' actions as described above and Defendants' use of the VIE DE RÊVE mark in commerce constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

48. Defendants' adoption and use of a mark identical to and/or confusingly similar to Plaintiff's LE RÊVE® mark will cause irreparable injury to the value and goodwill of the LE RÊVE® mark, as well as to Plaintiff's business, goodwill, and reputation. Defendants' actions, if not enjoined, will continue. Plaintiff has no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

49. As a result of Defendants' infringement, Plaintiff has incurred damages in an amount

to be proven at trial.

50. Defendants' actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiff's rights. Plaintiff is therefore entitled to recover three times the amount of its actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

## THIRD CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

51. Defendants' actions described above related to use of the VIE DE RÊVE trademark in commerce constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

## FOURTH CAUSE OF ACTION

(Common Law Trademark Infringement)

52. The Defendants' above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## FIFTH CAUSE OF ACTION

(Common Law Unfair Competition)

53. The Defendants' above-averred actions constitute a false designation of origin in violation of the common law of California.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. That Defendants and their principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under their direction and/or pursuant to their control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

   a. Using the terms VIE DE RÊVE, or any term or mark confusingly similar to Plaintiff's LE RÊVE® mark including but not limited to any mark encompassing the term REVE, in connection with the advertisement, promotion, distribution, offering for sale or selling of

1  alcoholic beverages, or products or services related to alcoholic beverages;

2        b.    Performing any acts or using any trademarks, names, words, images or
3  phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the
4  trade or public into believing that Plaintiff and Defendants are one in the same or are in some way
5  connected or that Plaintiff is a sponsor of Defendants or that the goods of Defendants originate with
6  Plaintiff or are likely to lead the trade or public to associate Defendants with Plaintiff;

7      2.    That Defendants be required to file with the Court, and serve on Plaintiff, a statement
8  under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by
9  the Court within fourteen (14) days after the entry of such order of injunctive relief;

10     3.    That Defendants and their principals, partners, franchisees, agents, employees,
11 licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and
12 representatives and all of those in privity with or acting under their direction and/or pursuant to their
13 control, be required to deliver up for destruction all advertising, promotional materials, point of sale
14 materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing
15 marks together with all artwork, plates, molds, matrices and other means and materials for making
16 and reproducing the same;

17     4.    That Defendants be ordered to recall infringing VIE DE RÊVE sparkling wine in
18 distribution in the marketplace;

19     5.    That Defendants be adjudged to have violated 15 U.S.C. § 1114 by infringing
20 Plaintiff's LE RÊVE® trademark;

21     6.    That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly
22 competing against Plaintiff by using a false designation of origin for Defendants' sparkling wine;

23     7.    That Defendants be adjudged to have unlawfully and unfairly competed against
24 Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq*.;

25     8.    That Plaintiff be awarded Defendants' profits derived by reason of said acts, or as
26 determined by an accounting;

27     9.    That Plaintiff be awarded three times Defendants' profits and three times of all
28 Plaintiff's damages, suffered as a result of Defendants' willful, intentional, and deliberate acts in

COMPLAINT               11              CASE NO.

1  violation of the Lanham Act, as well as Plaintiff's costs, attorneys' fees, and expenses in this suit

2  under 15 U.S.C. § 1117;

3      10.    That Plaintiff be awarded damages in an amount sufficient to compensate it for the

4  damage caused by Defendants' unfair competition under Cal. Bus. & Prof. Code § § 17200 *et seq.*;

5      11.    That Plaintiff be awarded three times Defendants' profits and three times Plaintiff's

6  damages suffered as a result of the willful, intentional, and deliberate acts in violation of Cal. Bus.

7  & Prof. Code §§ 14247 and 14250;

8      12.    That Defendants be ordered to pay Plaintiff monetary damages for the harm resulting

9  from infringement of Plaintiff's mark, in an amount to be determined at trial;

10      13.    That Plaintiff's damages be trebled and that Defendants be ordered to pay Plaintiff's

11  attorneys' fees on the basis that this is an exceptional case;

12      14.    That Plaintiff be awarded punitive damages as a result of Defendants' conduct;

13      15.    That Plaintiff be granted prejudgment and post judgment interest;

14      16.    That Plaintiff be granted costs associated with the prosecution of this action; and

15      17.    That Plaintiff has such other and further relief as this Court shall deem just and proper

16  on the merits.

18  DATED: March 25, 2024                      DICKENSON, PEATMAN & FOGARTY

By: _____*Katja Loeffelholz*_____
    Katja Loeffelholz (SBN 224407)
    kl@dpf-law.com
    Joy L. Durand (SBN 245413)
    jdurand@dpf-law.com
    1500 First Street, Suite 200
    Napa, CA 94559
    Tel. No.: (707) 261-7000

    *Attorneys for Plaintiff*
    *Domaine Carneros, Ltd.*

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury in this matter.

DATED:  March 25, 2024

DICKENSON, PEATMAN & FOGARTY

By: _____
Katja Loeffelholz (SBN 224407)
kl@dpf-law.com
Joy L. Durand (SBN 245413)
jdurand@dpf-law.com
1500 First Street, Suite 200
Napa, CA 94559
Tel. No.: (707) 261-7000

*Attorneys for Plaintiff*
*Domaine Carneros, Ltd.*