**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DOMAINE CARNEROS, LTD, <br> Plaintiff, <br> v. <br> LEA TRADING LLC, et al., <br> Defendants. | Case No.  24-cv-01834-BLF <br><br> **ORDER GRANTING MOTION TO SEAL; ORDER TO SHOW CAUSE** <br><br> [Re: ECF Nos. 14, 19] |

Before the court is Plaintiff Domaine Carneros, Ltd.'s Administrative Motion to File Under Seal.  ECF No. 19.  Defendant Lea Trading LLC opposes.  ECF No. 20.  For the reasons described below, the administrative motion is GRANTED.  However, Plaintiff is ORDERED TO SHOW CAUSE why it should not be compelled to disclose the unredacted exhibit to Defendant.

## I. BACKGROUND

Defendant filed a Motion to Dismiss or, in the Alternative, Transfer Venue arguing, *inter alia*, that this Court lacks personal jurisdiction and that venue is improper.  ECF No. 14.  Plaintiff filed an opposition with redacted exhibits, *see* ECF No. 16-2 at 4-7, that did not comply with the Civil Local Rules and this Court's Standing Order.  *See* Civ. L.R. 79-5; Standing Order § V.  The Court ordered Plaintiff to file unredacted exhibits on the public docket or an administrative motion to seal.  ECF No. 18.  Plaintiff filed the instant administrative motion on May 22, 2024, seeking to seal the address.  ECF No. 19.  Defendant filed an opposition, arguing that "Counsel for Defendant has requested Plaintiff's counsel to release the information, but Plaintiff's counsel refuses to do so."  ECF No. 20.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of*

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

**III. DISCUSSION**

    **A. Public Disclosure**

Plaintiff seeks to seal the personal information in Exhibit A of the Declaration of Francesca Peralta in Support of its Opposition to Defendant's Motion to Dismiss ("Peralta Decl."). Mot. at 9. Plaintiff argues that "The portions that Plaintiff seeks to seal contain the personal email address, personal shipping address and personal billing address of a nonparty declarant." Mot. at 3. Plaintiff writes that the information should be sealed because "[t]he redaction of such personal contact information will protect the declarant's privacy interests and protect her from harm." *Id*.

Plaintiff argues that the requested redactions are narrowly tailored. *Id.*

The Court finds that compelling reasons exist to redact the public version of the document. *Richter v. Oracle Am.*, Inc., No. 22-CV-04795-BLF, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023) ("District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the ***public's*** interest in access to court filings.") (emphasis added); *Hernandez v. County of Monterey*, No. 13-cv-02354, 2023 WL 4688522, at *3–4 (N.D. Cal. July 21, 2023) (finding compelling reasons to seal personal contact information). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Ex. No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. A at ECF No. 16-2 | Exhibit A to Peralta Decl. | Highlighted portions at 4-5. | GRANTED, as it contains the declarant's personal contact information. |

### B. Disclosure to Defendant

Disclosure to Defendant is a different story. Defendant challenges this Court's jurisdiction and venue in this district in a motion to dismiss, ECF No. 14, and Plaintiff attached the Peralta declaration and exhibit as evidence in support of its opposition to Defendant's motion to dismiss. But it is not clear what authority Plaintiff has to support its interest in withholding the redacted information from Defendant. Plaintiff must make this showing if it intends to withhold the redacted information from Defendant.

### IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to seal at ECF No. 19 is GRANTED.
2. Plaintiff is ORDERED TO SHOW CAUSE in writing on or before **June 18, 2024**, why it should not be compelled to disclose an unredacted copy of Exhibit A to Defendant.

Dated: June 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge

3