1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 DOMAINE CARNEROS, LTD,                    Case No.  24-cv-01834-BLF

8                     Plaintiff,

9          v.                                                **ORDER GRANTING**
                                                             **ADMINISTRATIVE MOTIONS**
10 LEA TRADING LLC, et al.,
                                                             [Re:  ECF Nos. 30, 34]
11                   Defendants.

12

13          Before the court are two administrative motions:

14          1.  Administrative Motion to Consider Whether Another Party's Material Should Be

15               Sealed.  ECF No. 30.

16          2.  Administrative Motion to Consider Whether Another Party's Material Should Be

17               Sealed.  ECF No. 34.

18 For the reasons described below, the administrative motions at ECF Nos. 30 and 34 are

19 GRANTED.

20 **I.     LEGAL STANDARD**

21          "Historically, courts have recognized a 'general right to inspect and copy public records

22 and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of*

23 *Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435

24 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

25 presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

26 *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to

27 motions that are "more than tangentially related to the underlying cause of action" bear the burden

28 of overcoming the presumption with "compelling reasons" that outweigh the general history of

*United States District Court*
*Northern District of California*

1  access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

2  1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

3      Records attached to motions that are "not related, or only tangentially related, to the merits

4  of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809

5  F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to

6  court records attached only to non-dispositive motions because those documents are often

7  unrelated, or only tangentially related, to the underlying cause of action.").  Parties moving to seal

8  the documents attached to such motions must meet the lower "good cause" standard of Rule

9  26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard

10  requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

11  information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

12  1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated

13  by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*

14  *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

15  **II.    DISCUSSION**

16      Defendant Lea Trading LLC filed ECF No. 30 on July 1, 2024 and ECF No. 34 on July 11,

17  2024.  Plaintiff Domaine Carneros, Ltd. submitted two declarations, one for each motion.  ECF

18  Nos. 35, 36.

19      Plaintiff seeks to seal the same portions of two identical exhibits (the same eight-page

20  document found at ECF Nos. 30-2 and 34-2) attached to Defendant's administrative motion to file

21  a sur-reply and Defendant's sur-reply.  *Id.*  The Court considers the two administrative motions

22  and the corresponding declarations together.

23      Plaintiff writes that the information should be sealed because it "contain[s] the personal

24  shipping address and personal billing address of a nonparty declarant" and "[t]he redaction of such

25  personal contact information will protect the declarant's privacy interests and protect her from

26  harm."  *Id.* ¶ 3.  Plaintiff argues that the portions are narrowly tailored.  *Id.* ¶ 4.

27      The Court finds that compelling reasons exist to seal the highlighted portions of the

28  document at ECF Nos. 30-2 and 34-2.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122,

1137 (9th Cir. 2003) (acknowledging privacy interests implicated by sensitive, personal

identifying information).  The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 30-2 and 34-2 | | Highlighted portions on pages 2-8 | GRANTED, as the document contains the personal contact information of a nonparty declarant, disclosure of which may result in harm. |

## III.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  ECF No. 30 is GRANTED.

2.  ECF No. 34 is GRANTED

Dated: July 23, 2024

_____
BETH LABSON FREEMAN
United States District Judge