**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DOMAINE CARNEROS, LTD.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LEA TRADING LLC and BEVIBIRRA INC.,<br><br>　　　　Defendants. | Case No. 24-cv-01834-BLF<br><br>**ORDER GRANTING DEFENDANT LEA TRADING LLC'S MOTION TO DISMISS WITH LEAVE TO AMEND; GRANTING PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY; AND DIRECTING PLAINTIFF TO MEET AND CONFER WITH DEFENDANT LEA TRADING LLC BEFORE FILING A PROPOSED JURISDICTIONAL DISCOVERY PLAN**<br><br>[Re: ECF 14] |

　　　This lawsuit arises from a trademark dispute between Plaintiff Domaine Carneros, Ltd., a winery based in Napa, California, and Defendant Lea Trading LLC ("Lea"), a Florida-based company that imports and sells wine in the United States. Plaintiff produces and sells sparkling wines under its well-established trademark "LE RÊVE," and claims that its rights in that trademark are infringed by Defendant Lea's recent distribution of sparkling wines under the mark "VIE DE RÊVE." Plaintiff asserts Defendant Lea's VIE DE RÊVE mark is confusingly similar to Plaintiff's LE RÊVE mark, and sues Defendant Lea for federal trademark infringement and related claims.[1]

---

[1] Plaintiff also sues Defendant BeviBirra Inc., an alleged importer and distributor of sparkling wines featuring the VIE DE RÊVE mark. BeviBirra Inc. has defaulted. *See* Clerk's Entry of Default, ECF 58.

1    Defendant Lea moves to dismiss the action for lack of personal jurisdiction under Federal
2    Rules of Civil Procedure 12(b)(2) and for improper venue under Federal Rule of Civil Procedure
3    12(b)(3).  *See* Mot., ECF 14.  In the alternative, Defendant Lea moves to transfer venue to the
4    Southern District of Florida under 28 U.S.C. § 1404(a).  Plaintiff opposes the motion to dismiss,
5    but to the extent the Court is not satisfied that it has personal jurisdiction over Defendant Lea,
6    Plaintiff requests leave to take jurisdictional discovery.  Plaintiff also opposes the motion to
7    transfer.  The Court has considered the briefing and evidence submitted by the parties and the oral
8    arguments presented by counsel at the hearing on August 22, 2024.

   For the reasons discussed below, the Court GRANTS Defendant Lea's motion to dismiss for lack of personal jurisdiction, with leave to amend, grants Plaintiff's request to take jurisdictional discovery, and directs Plaintiff to meet and confer with Defendant Lea before filing a proposed jurisdictional discovery plan.

**I.    BACKGROUND[2]**

Plaintiff was established as a winery in 1987 by Claude Taittinger of the renowned French Taittinger Champagne House, who wanted to try producing sparkling wine in the Napa Valley using méthode traditionelle ("traditional method") as is done in the Champagne region in France. *See* Compl. ¶¶ 10-11, ECF 1.  That technique is time-consuming and expensive, as the wine undergoes a second fermentation in the bottle.  *See id.* ¶ 11.  Plaintiff has become well-known for its sparkling wines, estate vineyards, and French-inspired chateau, which is recognized as a regional landmark.  *See id.*  Plaintiff produces and sells sparkling wines under its LE RÊVE trademark, which appears on its labels in an all-caps serif typeface with a circumflex accent placed over the first "E" in "RÊVE."  *See id.* ¶ 12.  Plaintiff's sparkling wine labels also feature an image of Plaintiff's iconic chateau and a black and gold color scheme.  *See id.*  Plaintiff has used its LE RÊVE trademark since 1998 and obtained federal registration for it in 1999.  *See id.* ¶¶ 13-14.

Defendant Lea does business under the trade name VIE DE RÊVE and uses the mark VIE

---

[2] The Background section is drawn from the uncontradicted allegations of the complaint, which are accepted as true for purposes of the Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

1   DE RÊVE in connection with the importation and sale of sparkling wine.  See Compl. ¶ 19.  In
2   January 2023, Defendant Lea filed a U.S. trademark application indicating its intent to use the
3   mark VIE DE RÊVE in connection with the sale of wines.  *See id.* ¶¶ 19-22.  Plaintiff's counsel
4   sent Defendant Lea several demand letters asserting that the VIE DE RÊVE mark infringes
5   Plaintiff's LE RÊVE trademark and asking Defendant Lea not use the VIE DE RÊVE mark in
6   connection with the sale of wines.  *See id.* ¶¶ 23-25, 27-28.  Defendant Lea refused and began
7   using the mark VIE DE RÊVE in connection with the importation and sale of sparkling wines in
8   the United States.  *See id.* ¶¶ 19, 26.  Defendant Lea sells sparkling wines labeled with the VIE DE
9   RÊVE mark written in the same style as Plaintiff's LE RÊVE mark:  in an all-caps serif typeface
10  with a circumflex accent placed over the first "E" in "RÊVE."  *See id.* ¶ 30.  Like Plaintiff's LE
11  RÊVE labels, Defendant Lea's VIE DE RÊVE labels also feature an image of a chateau and a
12  black and gold color scheme.  *See id.*

13  Plaintiff filed this suit on March 25, 2024, asserting claims for:  (1) federal trademark
14  infringement under 15 U.S.C. § 1114; (2) federal unfair competition and false designation of
15  origin under 15 U.S.C. § 1125; (3) state unfair competition under Cal. Bus. & Prof. Code § 17200;
16  (4) common law trademark infringement; and (5) common law unfair competition.  Defendant Lea
17  responded with the current motion to dismiss for lack of personal jurisdiction and improper venue,
18  and alternative motion to transfer the case to the Southern District of Florida.  Because it finds
19  Defendant Lea's motion to dismiss for lack of personal jurisdiction to be meritorious, the Court
20  does not reach the other aspects of the motion.

21  **II.    LEGAL STANDARD**

22  A party may challenge the Court's personal jurisdiction over it by bringing a motion to
23  dismiss under Federal Rule of Civil Procedure 12(b)(2).  When a defendant raises a challenge to
24  personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper.  *See*
25  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015).  The plaintiff may meet that burden by
26  submitting affidavits and discovery materials.  *See id.*  "Where, as here, the defendant's motion is
27  based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima
28  facie showing of jurisdictional facts to withstand the motion to dismiss."  *Ranza*, 793 F.3d at 1068

3

(quotation marks and citation omitted). "[T]he plaintiff cannot simply rest on the bare allegations of its complaint," but uncontroverted allegations in the complaint must be accepted as true and factual disputes created by conflicting affidavits must be resolved in the plaintiff's favor. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation marks and citation omitted).

When there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which it sits. *Schwarzenegger*, 374 F.3d at 800. "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id*. at 800-801. "Although a nonresident's physical presence within the territorial jurisdiction of the court is not required, the nonresident generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A federal district court may exercise either general or specific personal jurisdiction over a nonresident defendant. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). General personal jurisdiction exists when the defendant's contacts "are so continuous and systematic as to render [it] essentially at home in the forum State." *Id*. (quotation marks and citation omitted). Specific personal jurisdiction exists when the defendant's contacts with the forum state are more limited but the plaintiff's claims arise out of or relate to those contacts. *Id*. at 127-28.

### III.  DISCUSSION

Because Defendant Lea has raised a challenge to personal jurisdiction, Plaintiff bears the burden of establishing that jurisdiction is proper. Plaintiff does not argue that Defendant Lea is a resident of California, nor does Plaintiff attempt to establish the existence of general personal jurisdiction over Defendant Lea. It does not appear that California residency or general personal jurisdiction could be established given record evidence that Defendant Lea is a limited liability corporation organized under the laws of Florida and with its principal place of business in Florida. *See* Antoine Decl. ¶¶ 4-5, ECF 14-2.

Plaintiff argues that Defendant Lea's contacts with California give rise to specific personal jurisdiction in this case. The Ninth Circuit has established a three-prong test for whether a court can exercise specific personal jurisdiction over a non-resident defendant: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger*, 374 F.3d at 802. "The minimum contacts test ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 603 (9th Cir. 2018) (quotation marks and citation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. If the plaintiff succeeds, the burden shifts to the defendant to set forth a "compelling case that the presence of some other considerations would render jurisdiction [in California] unreasonable." *Freestream*, 905 F.3d at 607.

### A.     Purposeful Direction or Purposeful Availment

Under the first prong of the test, Plaintiff must show either purposeful direction or purposeful availment by Defendant Lea. "[A] showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Freestream*, 905 F.3d at 605 (quotation marks and citation omitted). "By contrast, [a] showing that a defendant purposefully directed his conduct toward a forum state . . . usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id.* (quotation marks and citation omitted). "[A] purposeful availment analysis is most often used in suits sounding in contract, whereas a purposeful direction analysis is most often used in suits sounding in tort." *Id.* (quotation marks and citation omitted).

1  "Trademark infringement is treated as tort-like for personal jurisdiction purposes. *Ayla,*
2  *LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 979 (9th Cir. 2021). Here, Plaintiff asserts trademark
3  infringement claims and related unfair competition claims. Because each of those claims requires
4  an intentional tortious or "tort-like" act, this Court concludes that a purposeful direction analysis is
5  appropriate. *See Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091 (9th Cir. 2023)
6  (applying purposeful direction analysis to claims of trademark infringement, false advertising, and
7  tortious interference with business relationships). "To determine whether a defendant
8  'purposefully directed' its activities toward the forum, we apply, in turn, the 'effects' test derived
9  from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L.Ed.2d 804 (1984)." *Id*. "That test
10 focuses on the forum in which the defendant's actions were felt, whether or not the actions
11 themselves occurred within the forum." *Id*. (quotation marks and citation omitted). "The *Calder*
12 effects test asks whether the defendant: (1) committed an intentional act, (2) expressly aimed at the
13 forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state."
14 *Id*. (quotation marks and citation omitted).

15  Plaintiff relies on the Ninth Circuit's *Herbal Brands* decision in arguing that the *Calder*
16 effects test is satisfied by Defendant Lea's operation of an interactive website through which VIE
17 DE RÊVE sparkling wines are sold into California. In *Herbal Brands*, the plaintiff was an
18 Arizona-based company that manufactured and sold health and wellness products, and the
19 defendants were New York residents that allegedly engaged in unauthorized sales of the plaintiff's
20 products via Amazon storefronts. *See Herbal Brands*, 72 F.4th at 1088. The plaintiff sent three
21 cease-and-desist letters to the defendants, asserting infringement of the plaintiff's trademarks and
22 advising that the plaintiff was based in Arizona and was being harmed in Arizona by the
23 defendants' conduct. *See id.* at 1089. When the defendants continued to sell the plaintiff's goods
24 on Amazon, the plaintiff filed a federal suit in Arizona for trademark infringement and related
25 claims. *See id.* The Ninth Circuit reversed the district court's dismissal of the action for lack of
26 personal jurisdiction, finding that the defendants had purposely directed their conduct to Arizona
27 under the *Calder* effects test and that the other requirements for exercise of personal jurisdiction
28 were satisfied as well.

1    The *Herbal Brands* court had no difficulty concluding that the first and third elements of
2  the *Calder* effects test were satisfied, concluding that the defendants' sale of the allegedly
3  infringing products to Arizona residents was an intentional act (first element) and the cease-and-
4  desist letters informed the defendants that their conduct was causing harm in Arizona (third
5  element).  *See Herbal Brands*, 72 F.4th at 1091.  The closer question was whether the defendants
6  expressly aimed their conduct at Arizona (second element).  *See id.*  The Ninth Circuit stated that
7  "operation of an interactive website does not, by itself, establish express aiming," reasoning that
8  "[o]therwise, every time a seller offered a product for sale through an interactive website, the
9  seller would be subjecting itself to specific jurisdiction in every forum in which the website was
10 visible, whether or not the seller actually consummated a sale."  *Id*.  However, the Ninth Circuit
11 held that operating a website in conjunction with "something more" – that is, conduct directly
12 targeting the forum state – can satisfy the express aiming prong.  *Id*.  Prior cases had found the
13 express aiming requirement to be satisfied where the website targeted and profited from an
14 audience in a particular state.  *See id.*  The *Herbal Brands* court held that the express aiming
15 requirement also may be satisfied where "a defendant, in its regular course of business, sells a
16 physical product via an interactive website and causes that product to be delivered to the forum."
17 *Id*. at 1093.
18    In the present case, Plaintiff submits evidence that one bottle of VIE DE RÊVE sparkling
19 wine was purchased through Defendant Lea's website, "viederevesparklingwine.com," for
20 shipment to Napa, California, and that the sparkling wine in fact was delivered to Napa,
21 California.  *See* Peralta Decl. ¶¶ 2-3, ECF 16-2.  That evidence is sufficient to satisfy the first
22 element of the Calder effects test, that the defendant committed an intentional act.  *See Herbal*
23 *Brands*, 72 F.4th at 1091 ("Defendants' sale of products to Arizona residents is an intentional
24 act.").  Plaintiff also points to evidence and uncontroverted allegations in the complaint
25 establishing that Plaintiff opposed Defendant Lea's trademark application for the mark VIE DE
26 RÊVE and sent Defendant Lea cease-and-desist letters regarding use of the VIE DE RÊVE mark.
27 *See* Durand Decl. ¶ 18; Compl. ¶¶ 23-25, 27-18.  Plaintiff's showing is sufficient to satisfy the
28 third element of the *Calder* effects test, that the defendant knows harm is likely to be suffered in

the forum state. *See Herbal Brands*, 74 F.4th at 1091 ("[T]he cease-and-desist letters informed Defendants that their actions were causing harm in Arizona.").

Where Plaintiff's showing falls short is on the second element of *Calder* effects test, that the defendant expressly aimed its conduct at the forum state. *Herbal Brands* identified "two key elements" that must be present for the express aiming requirement to be met by internet sales into the forum, one of which is that "the sales must occur as part of the defendant's regular course of business instead of being 'random, isolated, or fortuitous.'" *Herbal Brands*, 72 F.4th at 1094. Plaintiff presents evidence of a single sale of a single bottle of VIE DE RÊVE sparkling wine into California. Plaintiff argue that that single sale is sufficient to meet the express aiming requirement, because the purchase was made on Defendant Lea's interactive website and thus necessarily was made in the regular course of Defendant Lea's business. Plaintiff cites language in *Herbal Brands* indicating that "[t]he outcome of the express-aiming inquiry does not depend on the number of sales made to customers in the forum," and observing that "[i]f one sale were not enough to establish that a defendant expressly aimed its conduct at a forum, we would face the difficult question of how many sales would suffice." *Id*. at 1095.

Defendant Lea points out, however, that the single sale into California touted by Plaintiff was the result of an order placed by the daughter of Plaintiff's counsel only a few days before this suit was filed. See Dailey Sur-Reply Decl. ¶ 4 & Ex. A, ECF 33-1, 34-2. Defendant Lea accuses Plaintiff of attempting to manufacture jurisdiction, and asserts that such conduct on the part of Plaintiff cannot satisfy the express aiming requirement of *Calder*. District courts in this circuit have declined to find the express aiming element of *Calder* met based on products purchased at the plaintiff's direction. *See, e.g., Mazal Grp. LLC v. Yousef*, No. 2:23-CV-03278-FWS-AGR, 2023 WL 8896263, at *5 (C.D. Cal. Nov. 8, 2023) (finding sale of nine units into California insufficient to satisfy express aiming requirement where the units were purchased at the plaintiff's direction). At the hearing, Defendant Lea's counsel represented that Lea does not regularly sell VIE DE RÊVE sparkling wine into California. While the number of products sold into the forum is not dispositive, Plaintiff must show that the single sale at issue is not merely "a truly isolated sale" but rather "a genuine attempt to serve the market." *Herbal Brands*, 72 F.4th at 1095.

8

Plaintiff argues that Defendant Lea's attempt to serve the California market is evidenced by the placement of VIE DE RÊVE sparkling wine in the gift bags given to performers at a Grammy sponsored event in California. Plaintiff submits press releases and social media posts from a public relations firm, Lipstickroyalty Agency, Inc. ("Lipstickroyalty"), identifying Vie De Rêve as a client and touting the inclusion of VIE DE RÊVE sparkling wine in the gift bags at the Grammy's 50 years of Hip Hop celebration as its "first major placement with the brand." *See* Durand Decl. Exs. 7-11. Defendant Lea argues that any product placement at the Grammy event cannot be characterized as directed to California, because the Grammys are broadcast nationally. Defendant Lea also suggests that Lipstickroyalty's actions in obtaining the product placement cannot be attributed to Lea, because Lipstickroyalty is a third party. At the hearing, the Court asked Defendant Lea's counsel why Lipstickroyalty's actions could not be attributed to Lea under an agency theory. Counsel responded that the issue of agency was not raised in the briefing.

The Court cannot determine from the sparse record before it whether Defendant Lea regularly sells VIE DE RÊVE sparkling wine into California through its interactive website, or whether Lipstickroyalty's placement of VIE DE RÊVE sparkling wine at the Grammy event is attributable to Defendant Lea. Consequently, the Court finds that Plaintiff has not shown that the express aiming element of the *Calder* effects test is satisfied. In the absence of such showing, Plaintiff has not satisfied its burden to establish purposeful direction at the first prong of the *Schwarzenegger* test for personal jurisdiction. Defendant's motion to dismiss for lack of personal jurisdiction is GRANTED WITH LEAVE TO AMEND on this basis.

Having concluded that Defendant is entitled to dismissal based on Plaintiff's failure to carry its burden on the first prong, the Court need not address the second and third prongs of the *Schwarzenegger* test.

### B. Jurisdictional Discovery

Plaintiff requests that if the Court is inclined to dismiss the action for lack of personal jurisdiction, Plaintiff first be granted leave to take jurisdictional discovery. "[D]iscovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Laub v. U.S. Dep't of Interior*,

9

342 F.3d 1080, 1093 (9th Cir. 2003) (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)).  In the Court's view, additional factual development is necessary in this case before a final determination is made on the issue of personal jurisdiction. Accordingly, Plaintiff's request for leave to take jurisdictional discovery is GRANTED.  The parties SHALL meet and confer regarding the scope of such discovery, after which Plaintiff SHALL submit a proposed discovery plan including specifics regarding subject matter and timing.

## IV. ORDER

(1) Defendant Lea's motion to dismiss for lack of personal jurisdiction is GRANTED WITH LEAVE TO AMEND.

(2) Plaintiff's request to take jurisdictional discovery is GRANTED.  The parties SHALL meet and confer regarding the scope of such discovery, after which Plaintiff SHALL submit a proposed discovery plan including specifics regarding subject matter and timing.

(3) Plaintiff need not file an amended pleading until after 14 days after completion of jurisdictional discovery.

(4) This order terminates ECF 14.

Dated:  September 12, 2024

_____
BETH LABSON FREEMAN
United States District Judge

10