United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMAINE CARNEROS, LTD,<br>  Plaintiff,<br>v.<br>LEA TRADING LLC, et al.,<br>  Defendants. | Case No. 24-cv-01834-BLF<br><br>**ORDER AUTHORIZING PLAINTIFF TO TAKE LIMITED JURISDICTIONAL DISCOVERY**<br><br>[Re: ECF 64, 67] |

Plaintiff Domain Carneros, Ltd. claims that its "LE RÊVE" trademark for sparkling wines is infringed by Florida-based Defendant Lea Trading LLC's distribution of sparkling wines under the mark "VIE DE RÊVE." The Court granted Lea's motion to dismiss for lack of personal jurisdiction, finding that Plaintiff had not shown Lea's purposeful direction of its wine distribution activities toward California under the *Calder* effects test. *See* Dismissal Order, ECF 59. Specifically, the Court found that Plaintiff had not satisfied the "express aiming" requirement of the test, stating: "The Court cannot determine from the sparse record before it whether Defendant Lea regularly sells VIE DE RÊVE sparkling wine into California through its interactive website, or whether Lipstickroyalty's placement of VIE DE RÊVE sparkling wine at the Grammy event is attributable to Defendant Lea." *Id*. at 9.

The Court granted Plaintiff leave to take jurisdictional discovery and ordered Plaintiff to submit a proposed discovery plan after meeting and conferring with Lea. *See* Dismissal Order at 9-10. Plaintiff submitted a proposed jurisdictional discovery plan on October 25, 2024. *See* Pl.'s Proposed Jurisdictional Discovery Plan, ECF 64. Lea filed a response on November 1, 2024, asserting that Plaintiff's proposed discovery plan is overly broad, reaching beyond the limited jurisdictional discovery contemplated by the Court. *See* Def.'s Response, ECF 67.

Before addressing the specific discovery that Plaintiff wishes to propound, the Court addresses Lea's misconception that Plaintiff will be limited to discovery regarding Lea's relationship with Lipstickroyalty Agency, Inc. ("LipstickRoyalty"). The Court's dismissal order indicated that the "express aiming" requirement of the *Calder* effects test might be satisfied by evidence that Lea regularly sells VIE DE RÊVE sparkling wine into California through its interactive website and/or evidence that Lipstickroyalty's placement of VIE DE RÊVE sparkling wine at a Grammy event is attributable to Defendant Lea. *See* Dismissal Order at 9. In the Court's view, Plaintiff to may pursue discovery on both of those subjects.

The discovery proposed by Plaintiff goes beyond those subjects, and is excessive even within those areas. For example, Plaintiff proposes to depose Lea pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding internet sales of VIE DE RÊVE sparkling wine into California and Lea's relationship with Lipstickroyalty – both appropriate avenues of inquiry – but also regarding internet sales and distribution of VIE DE RÊVE sparkling wine generally. The latter subjects do not relate to Lea's internet sales into California or relationship with Lipstickroyalty.

Having considered Plaintiff's proposed discovery and Lea's objections thereto, the Court will grant Plaintiff leave to take the following limited discovery to aid it in determining whether Lea is subject to personal jurisdiction in this forum.

(A) A Rule 30(b)(6) deposition of Defendant Lea Trading LLC, not to exceed 4 hours, on Plaintiff's proposed topics (1), (2), (6), (8), (9), (10), (12), and (13), as to which there are no objections. The Court agrees with Lea that Plaintiff's proposed topics (3), (4), (5), (7), and (11) are outside the scope of permissible discovery and/or are overly broad. The permissible deposition topics are listed as follows:

(1) Lea's relationship to Lipstickroyalty;

(2) Lea's involvement with the placement of VIE DE RÊVE sparkling wine at the "A GRAMMY Salute to 50 Years of Hip-Hop" event;

(6) Lea's sales of VIE DE RÊVE sparkling wine sparkling wine to consumers in California through its website with the domain name viederevesparklingwine.com;

|  |  |  |  |
|---|---|---|---|
| | (8) | Lea's shipments of VIE DE RÊVE sparkling wine into California; |
| | (9) | Lea's transportation of VIE DE RÊVE sparkling wine into California; |
| | (10) | Lea's contacts with California; |
| | (12) | Lea's efforts to serve the California market; and |
| | (13) | Lea's contacts with third parties related to California. |

(B) A Rule 45 deposition of nonparty Lipstickroyalty, not to exceed 4 hours, on all of Plaintiffs' proposed topics, without objection from Lea, listed as follows:

(1) Its relationship to Defendant Lea;

(2) Its involvement with the placement of Defendant Lea's VIE DE RÊVE sparkling wine in California;

(3) Its involvement with the placement of Defendant Lea's VIE DE RÊVE sparkling wine at the "A GRAMMY Salute to 50 Years of Hip-Hop" event;

(4) Its contacts with California on behalf of Defendant Lea in connection with Defendant Lea's VIE DE RÊVE sparkling wine;

(5) Its activities directed toward California on behalf of Defendant Lea in connection with Defendant Lea's VIE DE RÊVE sparkling wine;

(6) Its actions taken within California on behalf of Defendant Lea in connection with Defendant Lea's VIE DE RÊVE sparkling wine;

(7) Its marketing efforts directed to California on behalf of Defendant Lea in connection with Defendant Lea's VIE DE RÊVE sparkling wine;

(8) Its advertising of Defendant Lea's VIE DE RÊVE sparkling wine;

(9) Its marketing efforts directing consumers to Defendant Lea's website with the domain name viederevesparklingwine.com;

(10) Its advertising that Defendant Lea's VIE DE RÊVE sparkling wine is accessible to all consumers across the United States; and

(11) Its advertising that Defendant Lea's VIE DE RÊVE sparkling wine is available to consumers in California.

   (C)    Interrogatories directed to Lea, as to which Lea does not object with the exception of Lea's potential claim of attorney-client privilege. This order does not preclude Lea from objecting to interrogatories on the basis of attorney-client privilege. The permissible Interrogatories are listed as follows:

       (1)    Describe your involvement in placing VIE DE RÊVE sparkling wine at the "A GRAMMY Salute to 50 Years of Hip-Hop" event in California;

       (2)    Describe Lipstickroyalty's involvement in placing VIE DE RÊVE sparkling wine at the "A GRAMMY Salute to 50 Years of Hip-Hop" event in California; and

       (3)    Describe your relationship with Lipstickroyalty.

   (D)    Requests for Production of Documents directed to Lea, limited to Plaintiff's proposed requests (1), (2), (3), (4), (5), (6), (7), (8), (11), (14), and (15), as to which Lea does not object. The Court agrees with Lea that Plaintiff's proposed requests (9), (10), (12), and (13) are outside the scope of permissible discovery and/or are overly broad. The permissible Requests for Production are listed as follows:

       (1)    Documents sufficient to show all sales of VIE DE RÊVE sparkling wine to California;

       (2)    Documents sufficient to show all shipments of VIE DE RÊVE sparkling wine to California;

       (3)    Documents related to the placement of your VIE DE RÊVE sparkling wine at the "A GRAMMY Salute to 50 Years of Hip-Hop" event in California.

       (4)    All contracts with Lipstickroyalty;

       (5)    All communications with Lipstickroyalty that refer or relate to the "A GRAMMY Salute to 50 Years of Hip-Hop" event in California;

       (6)    All communications with Lipstickroyalty related to VIE DE RÊVE sparkling wine that refer or relate to California;

       (7)    All communications with Lipstickroyalty related to VIE DE RÊVE sparkling wine that refer or relate to your website with the domain name

|   |   |   |   |
|---|---|---|---|
| 1 | | | viederevesparklingwine.com; |
| 2 | | (8) | All documents that refer or relate to the "A GRAMMY Salute to 50 Years |
| 3 | | | of Hip-Hop" event in California; |

        (8)    All documents that refer or relate to the "A GRAMMY Salute to 50 Years of Hip-Hop" event in California;

        (11)   Documents sufficient to show all shipments of VIE DE RÊVE sparkling wine to California, including free samples;

        (14)   Documents related to any trips you have taken to California in connection with the marketing, sale or delivery of VIE DE RÊVE sparkling wine in California; and

        (15)   Documents evidencing all contracts with third parties related to the marketing, sale or delivery of VIE DE RÊVE sparkling wine in California.

(E)   Requests for Admissions directed to Lea, limited to Plaintiff's proposed requests (1), (2), (3), (5), (6), (7), (8), (9), (12), (13), (14), (15), and (16). The Court agrees with Lea that requests (4), (10), (11), (17), (18), (19), and (20) are outside the scope of permissible discovery and/or are overly broad. The permissible Requests for Admissions are listed as follows:

        (1)    Admit that you own the website with the domain name viederevesparklingwine.com.

        (2)    Admit that you control the website with the domain name viederevesparklingwine.com.

        (3)    Admit that the website with the domain name viederevesparklingwine.com is interactive, namely, that visitors to the website can input data directly into the website.

        (5)    Admit that residents of California can place orders for VIE DE RÊVE sparkling wine through the website with the domain name viederevesparklingwine.com;

        (6)    Admit that residents of California can choose to have VIE DE RÊVE sparkling wine shipped to California through the website with the domain name viederevesparklingwine.com;

5

(7) Admit that you have accepted orders from residents of California through the website with the domain name viederevesparklingwine.com;

(8) Admit that you have shipped VIE DE RÊVE sparkling wine to consumers in California;

(9) Admit that you have caused VIE DE RÊVE sparkling wine to be delivered to residents of California;

(12) Admit that one of your employees personally placed VIE DE RÊVE sparkling wine into California for use at the "A GRAMMY Salute to 50 Years of Hip-Hop" event;

(13) Admit that one of your employees flew from Florida to California with your VIE DE RÊVE sparkling wine and placed it into California for use at the "A GRAMMY Salute to 50 Years of Hip-Hop" event;

(14) Admit that you directed your employee to personally place VIE DE RÊVE sparkling wine into California for use at the "A GRAMMY Salute to 50 Years of Hip-Hop" event;

(15) Admit that Lipstickroyalty was your agent; and

(16) Admit that you directed the placement of your VIE DE RÊVE sparkling wine at the "A GRAMMY Salute to 50 Years of Hip-Hop" event in California.

Lea's deadline for response shall be 14 days from the date of this order (by November 18, 2024).

Any disputes between the parties arising from this discovery shall be directed to the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated: November 4, 2024

_____
BETH LABSON FREEMAN
United States District Judge